Inc. v. Wireless Data Sys., Inc., 163 F.3d 149, 150–51 (2d Cir.1998) (where matter is covered by Federal Rules of Civil Procedure, it is settled that Federal Rule applies in face of contrary state law). Second, the condition the district court imposed is not uncommon in cases of voluntary dismissal. See Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir.1994) (in exercising Rule 41(a) discretion, courts typically impose as a condition of dismissal that plaintiff pay defendant's expenses "incurred in defending the suit, which usually includes reasonable attorneys' fees"); Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir.1984) (concluding district court abused its discretion in not imposing condition respecting costs and attorney fees where voluntary dismissal occurred after trial began). The appropriate amount of any future award of costs and fees is not before us.

Accordingly, we affirm. See 8th Cir. R. 47B.

Alice Allen, St. Louis, MO, pro se.

Mary S. Erickson, Attorney General's Office, Jefferson City, MO, for Defendant–Appellee.

Before WOLLMAN, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Alice Allen (Allen) appeals the district court's [1] dismissal of her civil complaint, without prejudice, for lack of subject matter jurisdiction. Having carefully reviewed the record, we conclude the dismissal was proper because Allen's complaint neither presented a federal question nor established diversity of citizenship. Accordingly, we affirm for the reasons stated by the district court. See 8th Cir. R. 47B.

**Alice ALLEN, Appellant,**

v.

**Floyd O. BARTCH, Gaming Commissioners Chairman, Appellee.**

No. 04–1368.

United States Court of Appeals, Eighth Circuit.

Submitted July 19, 2004.

Decided July 22, 2004.

**UNITED STATES of America, Appellee,**

v.

**Juan Carlos AGUILERA–ALVARADO, Appellant.**

No. 03–3403.

United States Court of Appeals, Eighth Circuit.

Submitted July 22, 2004.

Decided July 23, 2004.

1. The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (2000).